IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL HAWN,                              )
              Plaintiff        )
                                           )
    vs.                                    )     Civil Action No. 07-110
                                           )     Judge Gary L. Lancaster/
EDWARD PAVLICK; GEORGE                     )     Magistrate Judge Amy Reynolds Hay
MESAROS; MAURICE DAVIS; SUE                )
KELLY; BARBARA PALLADINO;                  )
MARIANNE SNIDER; DEBRA SAUERS;  )
PAUL STOWITZKY; BYRON                      )
BROCKLEHURST; JEFFREY BEARD;    )
ALL PAROLE BOARD MEMBERS AS                )
FOLLOWS: MR. WEBSTER; MR.                  )
PARKER; LAWRENCE MURRAY;                   )
CATHERINE McVEY; KATHLEEN                   )
ZWIERZYNA,                                 )
              Defendants       )

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed pre-service pursuant to the Prison

Litigation Reform Act because Plaintiff's complaint fails to state a claim upon which relief can

be granted.

REPORT

Michael Jay Hawn ("Plaintiff"), a convicted sex offender, was denied parole by the

Pennsylvania Board of Probation and Parole.  He alleges that this denial deprived him of his

rights to, *inter alia*, substantive due process because the denial was based in part on a false report

so as to prevent Plaintiff from making parole and also was the result of a conspiracy between the

Department of Corrections officials and the Parole Board to keep him in prison longer.  Because

his civil rights suit necessarily calls into question his custody pursuant to the Parole Board's

denial of his parole, and he has not shown that such custody has previously been called into

doubt, he is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), from proceeding with this civil rights suit.

### Applicable Legal Principles

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue;  or  (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[1]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

---

1.   The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).  Accordingly, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976).  Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972). However, the court need not accept as true any legal averments or conclusions contained in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

Dismissal is proper then under Rule 12(b)(6) and, hence under 28 U.S.C. § 1915(e), where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law.  See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

3

*Discussion*

In his complaint, Plaintiff named as defendants several Department of Corrections employees who were all[2] personally involved somehow in formulating the DOC's recommendation to the Parole Board concerning whether Plaintiff should be paroled or not. Among Plaintiff's allegations are that his unit manager, Defendant Pavlik and his Counselor, Defendant Mesaros and his acting unit manager, Defendant Brocklehurst, all gave a "false report for parole so to keep the plaintiff from making parole." Doc. 3 at 2 ¶ 1.  In addition, Plaintiff named all members of the Parole Board as defendants.  Plaintiff alleges that there "was/is a conspiracy between the Prison and the Parole Board to keep plaintiff in prison longer and cause cruel and unusual punishment." Doc. 3 at 2, ¶ 3.  By way of relief, Plaintiff sought to have monetary damages awarded him for, *inter alia*, "$1.500.00 per day spent in prison beyond the minimum of time of which plaintiff was sentenced by the Judge." Doc. 3 at 5.  Because Plaintiff's claims, if successful would necessarily call into question his continued confinement, i.e., call into question the validity of the September 25, 2006 denial of parole by the Board, his complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and, thus, dismissal of this suit is required.

In Heck, a state prisoner, convicted of voluntary manslaughter, brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest, had knowingly destroyed evidence that could have proven Heck's innocence, and had caused an illegal voice identification procedure to be used at his state trial.  Heck, 512 U.S. at 479.  The High Court rebuffed such an effort and held as follows:

---

2.  This would be true of every DOC employee other than Defendant Beard who, as the DOC Secretary, did not appear to be personally involved in the decision to not recommend Plaintiff for parole.

> We hold that, in order to recover damages for allegedly unconstitutional conviction **or imprisonment**, or for other harm caused by actions whose unlawfulness would render a conviction **or sentence** invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.   A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck 512 U.S. at 486-87 (emphasis added)(footnote omitted).   Although Heck was decided in the context of a plaintiff who was essentially attacking a conviction, the reasoning of Heck has been extended to convicts, such as Plaintiff, who are attacking parole decisions.  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Ali v. Hubbard, 125 F.3d 841 (Table), 1997 WL 556293 (1st Cir. 1997); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Heck "applies to proceedings that call into question the fact or duration of parole or probation."); White v. Gittens, 121 F.3d 803 (1st Cir. 1997)("A § 1983 suit like the present, contending that a state parole revocation was constitutionally invalid, challenges the "fact or duration of [the plaintiff's] confinement" and is barred by Heck); Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).  See also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)("When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.")(emphasis added).

Instantly, Plaintiff claims that there was a conspiracy to deny him parole among all of the defendants.  Doc. 3 at 2, ¶ 3.  He also claims that the DOC denial of a recommendation, upon

which the Board relied to deny parole, was based in part on a "false report" given by some of the defendants. Doc. 3, at 2, ¶ 1.  It is clear that if Plaintiff were successful in his claims, his success would inevitably have the result of impacting the length of his time he would serve in prison. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81 (2005)("deceit and bias on the part of the decisionmaker, 'would, if established, necessarily imply the invalidity of the deprivation of [Balisok's] good-time credits.'")(quoting, Edwards v. Balisok, 520 U.S. 641, 646 (1997)); Norwood v. Michigan Dep't of Corrections, 67 Fed.Appx. 286, 287 (6th Cir. 2003)("Norwood's allegation that the defendants conspired to revoke his parole necessarily implies the invalidity of his confinement, and he has not shown that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision.  Such a claim is not cognizable under § 1983.")(*citing* Heck).

In addition, although Plaintiff did not explicitly seek an order requiring that he be released on parole, he nevertheless sought money damages of "$1,500.00 per day spent in prison beyond the minimum of time of which plaintiff was sentenced by the Judge." Doc. 3 at 5.  That such monetary damages necessarily call into question the validity of his continued confinement is made clear by the reasoning of the court in Swimp v. Rubitschun, No. 1:06-CV-592, 2006 WL 3370876, *3 (W.D. Mich. Nov. 20, 2006), which held that: "Plaintiff in this case seeks money damages for a flawed process. Plaintiff would not, however, suffer damages based upon the Defendants' reliance on false information unless that false information resulted in the denial of parole. The only meaningful money damages would be damages for a wrongful continued confinement. In other words, Plaintiff's success on a claim for money damages would imply an erroneous parole decision."

In light of the foregoing, because Plaintiff's success in this lawsuit would necessarily imply the invalidity of his continued confinement, Plaintiff is barred by Heck, unless or until he

6

has met the conditions of Heck, to wit, that his parole denial has been called into question by either being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" or something analogous thereto.  Heck, 512 U.S. at 487. Accordingly, Plaintiff's civil rights complaint should be dismissed pre-service pursuant to the PLRA, for failing to state a claim based upon Heck.  Of course, such a dismissal would be without prejudice to Plaintiff's refiling this civil rights suit once he has met the prerequisites of Heck.  Higgins v. City of Tulsa, Oklahoma, 103 Fed.Appx. 648, 651 (10th Cir. 2004)("when a § 1983 claim is dismissed under Heck, the dismissal is without prejudice.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003). 'If the plaintiff is later successful in overturning his conviction, he is allowed to bring his § 1983 action at that time.' Id.").

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 7 March, 2007

cc:     The Honorable Gary L. Lancaster
        United States District Judge

        Michael Hawn
        BU-7266
        SRCF Mercer
        801Butler Pike
        Mercer, PA 16137

7